IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BAUTISTA CAYMAN ASSET COMPANY
Plaintiff

vs

DESARROLLOS BUCANA, S.E.;
EDWIN LOUBRIEL-ORTIZ
Defendants

CIVIL 16-2802CCC

**OPINION AND ORDER**

Before the Court is co-defendants Desarrollos Bucana, S.E. ("Desarollos") and Edwin Loubriel-Ortiz ("Loubriel")'s Motion to Dismiss Due to Improper Forum and Venue (**d.e. 7**) filed on November 9, 2016, plaintiff Bautista Cayman Asset Company ("Bautista")'s opposition (d.e. 8) filed on November 23, 2016, and defendants' reply (d.e. 11) filed on December 7, 2016. For the reasons stated below, the Motion to Dismiss (**d.e. 7**) is **GRANTED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On May 27, 2005, Doral Bank and Desarrollos executed a loan agreement in the amount of $2,950,000.00 ("Loan Agreement"). On February 27, 2015, Doral Bank was closed and the Federal Deposit Insurance Corporation ("FDIC") was named as receiver for the bank. On March 27, 2015, Bautista executed an agreement with the FDIC acquiring from them certain assets, including the Loan Agreement subject of the instant case.

The complaint, filed on October 6, 2016, maintains that defendants owe Bautista $2,408,812.93 pursuant to the Loan Agreement. Defendants request

dismissal of the case arguing that the promissory notes, signed by them, guaranteeing the Loan Agreement, "clearly and unequivocally state that 'if a judicial claim is necessary we submit ourselves expressly to the competency of the state courts of the City of San Juan, Puerto Rico, with jurisdiction over this matter'" rendering this Court without jurisdiction over the case. (d.e. 7, p. 2). Plaintiff contends that: (1) defendants failed to present the forum selection clause argument in a proper manner, as required by applicable and binding case law, as a motion to transfer venue; (2) the Loan Agreement, which is the main document in this case, does not contain a forum selection clause and the parties did not intend to limit the venue to the state court, and (3) that the promissory notes relied on by defendants contain a permissive forum selection clause which does not preclude litigation in this Court. (d.e. 8, pp. 2-6).

## II.    LEGAL STANDARD

The Circuit Court in *Claudio-de Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) discussed the proper vehicle to bring a motion to transfer venue:

> In December 2013, the Supreme Court decided *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, —— U.S. ——, 134 S.Ct. 568, 579–80, 187 L.Ed. 2d 487 (2013), which held that "the appropriate way to enforce a forum-selection clause" is "through a motion to transfer under § 1404(a)" or, if the clause points to a state or foreign forum, "through the doctrine of forum non conveniens," and not through an improper venue § 1406(a) or Rule 12(b)(3) motion. The Court explicitly declined to express a view as to whether a Rule 12(b)(6) motion is a proper alternative. *See id*. at 580 ("We therefore will not consider [the appropriateness of using Rule 12(b)(6) ]. Even if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and

>    Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause . . . .").

*Id*. at fn. 3.  The Circuit Court concluded that "absent a clear statement from the Supreme Court to the contrary, the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit, and we will not decline to review or enforce a valid forum selection clause simply because a defendant brought a motion under 12(b)(6) as opposed to under § 1404 or forum non conveniens." *Id*. at 46.

### III.   THE FORUM SELECTION CLAUSE

The complaint is premised on the default of defendants pursuant to the terms of the above mentioned Loan Agreement.  The Loan Agreement, provides, at Article VII:

>    <u>Guaranteed Offered</u>
>
>    **To ensure payment in full and the final liquidation of the credit facility granted, its interest, costs and attorneys' fees in the event of collection through judicial means** and thereby ensure faithful performance of all of the obligations assumed by the DEBTOR PARTNERSHIP pursuant to this Contract and pursuant to any of the legal documents offered, **the DEBTOR PARTNERSHIP has delivered to DORAL on this same date in guarantee of the debts contracted by the DEBTOR PARTNERSHIP, already mentioned, the promissory notes and documents that are detailed in Exhibit "C" which are attached and made to form part of this Contract**.  The faithful performance of the obligations assumed by the DEBTOR PARTNERSHIP under this Contract will also be guaranteed jointly by Eng. Edwin Loubriel Ortiz.  Said GUARANTOR guarantees in favor of DORAL in the manner stated above, the specific performance by the DEBTOR PARTNERSHIP of all of the obligations with DORAL, as well as payment of the sums of principal, their interest, and any penalty involved in this credit facility.  The obligations that the GUARANTOR assumed on the part of the DEBTOR PARTNERSHIP in favor of DORAL are predicated on and arise from the fact that the GUARANTOR benefits directly or indirectly from this credit facility.  The other terms and conditions of the joint guarantee offered by the

CIVIL 16-2802CCC                    4

>     GUARANTOR will be stated through documents subscribed by him
>     with DORAL on this date.

(d.e. 1, Exhibit 1, Loan Agreement, Article VII) (emphasis ours). The promissory notes, signed by co-defendants in this case, contain the following language: "'if a judicial claim is necessary we submit ourselves expressly to the competency of the state courts of the City of San Juan, Puerto Rico, with jurisdiction over this matter." (d.e. 1, Exhibits 5-7, Promissory Notes, executed on May 27, 2005, June 19, 2006 and June 29, 2009, respectively).

**IV.    ANALYSIS**

The parties do not dispute the validity of the Loan Agreement or of the promissory notes. Instead, plaintiff argues that "the Loan Agreement, which is the main document in this case, does not contain a forum selection clause and the parties did not intend to limit the venue to the state court." (d.e. 8, pp. 2-6). A careful review of the language in Article VII of the Loan Agreement, *supra*, establishes that the promissory notes guaranteeing the Loan Agreement are **joined and made part** of the agreement. Accordingly, language contained in the promissory notes is read as part of the Loan Agreement.

We turn to a discussion of whether the forum selection clause in the promissory notes is mandatory, thus requiring litigation in the Commonwealth Court of San Juan. "Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Claudio-de Leon*, 775 F.3d at 46. "Permissive forum selection clauses . . . authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate

exclusively in the designated forum." *Id*. It is well-settled that "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses." *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 fn. 1 (1st Cir. 2001). Thus, the Court may apply federal common law in its analysis.

In the instant action, the forum selection clause contained in all three promissory notes states:

> [I]f a judicial claim is necessary we submit ourselves expressly to the competency of the state courts of the City of San Juan, Puerto Rico, with jurisdiction over this matter.

(d.e. 1, Exhibits 5-7, Promissory Notes, executed on May 27, 2005, June 19, 2006 and June 29, 2009, respectively) (emphasis ours).

Defendants Desarollos and Loubriel-Ortiz signed the promissory notes, over a period of five years, "expressly" submitting themselves "to the competency of the state courts of the City of San Juan, Puerto Rico, with jurisdiction over this matter" in the event that "a judicial claim is necessary."

The language in the promissory notes includes the word "expressly" which suggests that drafters intended the clause to be mandatory. There is clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum. *See Data Research Corp. v. Rey Hernandez*, 261 F. Supp. 2d 61, 72 (D.P.R. 2003) (overruled on separate grounds by *Educadores Puertorriqueños en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004) (finding that the forum selection clause which states that "[DRC] accepts to submit exclusively to the competence and jurisdiction of the Tribunal Superior in its San Juan section, in case that any claim or controversy arises as a result of this CONTRACT" was mandatory).

The "we submit" phrase is determinative in our finding that the clause at issue is mandatory. The First Circuit has held that when a party agrees in a forum selection clause that they "will submit" their dispute to a specified forum, "they do so to the exclusion of all other forums." *Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9, 13 (1st Cir. 2001). Accordingly, we find that the forum selection clause in the Promissory Notes, executed on May 27, 2005, June 19, 2006 and June 29, 2009, is mandatory.

Since we have found that the forum selection clause is mandatory, we must next "ascertain the clause's scope to determine whether it encompasses the claims - an analysis that is clause specific,- meaning that it is the language of the forum selection clause itself that determines which claims fall within its scope." *Autoridad de Energia Electrica de Puerto Rico v. Vitol S.A.*, 859 F.3d 140, 145 (1st Cir. 2017)(internal citations and quotations omitted).

The forum selection clause includes the introductory phrase "[I]f a judicial claim is necessary . . ." Keeping in mind that "[t]he purpose of a forum selection clause, []is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved" *Claudio-de Leon*, 775 F.3d at 47, we find that the language includes within its ambit the instant action, that is, a suit brought by plaintiff against defendants to enforce the Loan Agreement.

The Court having found that the clause "encompasses the claims," we will enforce the provision unless "(1) the clause is the product of fraud or overreaching; (2) enforcement is unreasonable and unjust; (3) its enforcement would render the proceedings gravely difficult and inconvenient to the point of

CIVIL 16-2802CCC                    7

practical impossibility; or (4) enforcement contravenes a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision." *Autoridad de Energia Electrica de Puerto Rico*, 859 F.3d at 146.

Bautista does not dispute the validity of the Loan Agreement and its promissory notes. In fact, it seeks to enforce the terms therein. It also has not argued that enforcing the clause would be unreasonable or unjust circumstances. There is no indication that bringing the case in state court would "render the proceedings gravely difficult and inconvenient to the point of practical impossibility" and its enforcement does not contravene public policy of this forum. Accordingly, plaintiff's suit against defendants must be brought in the state court of the City of San Juan, Puerto Rico.

## V.   CONCLUSION

For the reasons stated above, the Motion to Dismiss (**d.e. 7**) is **GRANTED**. Separate judgment to follow.

SO ORDERED.

At San Juan, Puerto Rico, on August 21, 2017.

                                                          S/CARMEN CONSUELO CEREZO
                                                          United States District Judge